TORNEY *v.* CAMPBELL.

5-56                                                257 S. W. 2d 930

Opinion delivered May 18, 1953.

*Ben C. Henley* and *J. Smith Henley,* for appellant.

*Eugene W. Moore,* for appellee.

WARD, Justice.   Appellants, who owned an improved 65-acre farm some ten miles north of Harrison, listed it for sale with Hugh Barnett, a local real estate broker. Barnett showed the farm to appellees, and after making certain representations as to how much water the well would supply, sold it to them for $7,250, part of which was paid down and the balance was payable later. Six days before the last note for $3,000 became due on April 18, 1952, appellees filed suit against appellants asking damages in the amount of $2,500 on the ground that ap-

pellants, through their agent, made false representations regarding the amount of water the well would produce. The chancellor found in favor of appellees and fixed their damages at $1,000. There were other issues not material to this decision, which gave the chancery court jurisdiction.

Since we have concluded there was sufficient evidence to support the chancellor's finding that misrepresentations regarding the water supply were made by appellants' agent and relied on by appellees, we deem it unnecessary to discuss fully the testimony on that issue.

The evidence shows that appellant, who previously purchased the farm for $7,000, had a well drilled to the depth of approximately 450 feet, and that when the well was completed the water was about 300 feet deep. Appellees say they informed the broker they expected to raise chickens and would need an ample supply of water for that purpose, and that they were assured by him the well would be adequate. There is much evidence, though disputed, that soon after appellees took possession the supply of water was insufficient for even household purposes. The evidence supporting appellees' contention that they purchased the farm for the purpose of raising chickens is not convincing. It appears the chancellor did not try the case on that theory because practically all the testimony was directed to the supply for household use.

We point out that the chancellor's finding of misrepresentations does not necessarily imply any conscious deceit or fraud on the part of appellants or their agent.

In our judgment the amount of damages fixed by the chancellor are excessive and should be reduced to $500. The uncontradicted testimony shows that when the well was first tested there was about 300 feet of water and that 500 gallons were bailed out, that on the following morning a test showed approximately 250 feet of water, and that while appellants lived there they had an ample supply. On the other hand, appellees admit they have not had the well cleaned out, have not had the pipes pulled, nor had the valves in the well tested, notwith-

standing there was competent evidence that otherwise the capacity of the well could not be properly judged. Conflicting and indecisive testimony was introduced to show the value of the farm with the well in its present condition. It appears also from the record that appellees are not eager for a return of the purchase price which they agreed to pay for the farm.

We realize that it is impossible to fix definitely the amount, if any, appellees have been damaged, but in view of the indecisive evidence on this question and the lack of pertinent evidence, as above indicated, it is our best judgment that the sum of $500 is adequate. The decree of the trial court is so modified and otherwise affirmed.